United States v. Banks, Mr. Dueller Good morning, your honors. Good morning, counsel. May it please the court. My name is Joshua Dueller, and I represent the appellant in this case, Joseph Banks. The primary issue in this appeal, and really the only one that I'm going to be touching on this morning, is whether the district court abused its discretion in permitting Mr. Banks to represent himself at trial. It's our argument that the court did not recognize its authority to reject Mr. Banks's waiver of counsel, and therefore failed to exercise discretion. In evaluating this issue, I think it's appropriate to sort of recap the somewhat torturous history of this case. I don't really understand. Virtually everyone who represents himself, a criminal defendant, is making a big mistake. The trial judge is supposed to have a preliminary hearing in which you plead with the defendant to have a lawyer, if you can't afford it, court will appoint a lawyer, and that it's essential. And you're going to make a big mistake. Nevertheless, there are people who say they don't want a lawyer. And I don't know, what do you do with those people? You just tell them you're an idiot, and they're going to appoint a lawyer for you if you don't like it, you don't have to attend the trial? I have a couple of responses to that, Judge Posner. The first is that He's a wise guy, right? And his idea of a defense is primitive, but this is common. This court has said that the request to proceed pro se must be unequivocal. When we look at the background of the case, Mr. Banks had been in custody for almost four and a half years, had been represented by multiple lawyers. Well, he said he didn't want, it's my position, it's the defense's position here, that the record doesn't support that Mr. Banks didn't want a lawyer. The record supports the proposition that he didn't want Attorney Brinley representing him at trial. The court's colloquy with him, that really continued throughout the jury trial. Mr. Banks repeatedly said, this guy can't speak for me. He's not my lawyer, he can't speak for me. Where did he ever suggest that he wanted another lawyer? He didn't, but I think the onus to some degree is on the court. What was my onus? The judge spent a lot of time talking to him. What was she supposed to say? What did she not say that you think she had to say? If the court accepts the premise that the colloquy What should she have said that she didn't say? The court should have recognized Not have recognized, what should she have said? I don't think there's much more that the court could have said to Well, then I don't understand what your position is. If she didn't have to say, all right, you don't want Brinley, you don't want X, Y, Z, how about W through H or something? But if you don't say she had to say that. So he's just staying up there saying, here's here, you know, an appropriate persona or something like that. In other words, he's by himself, doesn't want to have a lawyer. And what's he supposed to do? Well, the court should have been on notice as Mr. Banks began this. I don't know what notice means. What should she have done? She should have rejected his waiver of counsel. And done what? Required the attorney who had been representing him for the past 18 months to see through the trial. The court in Even when he was so adamant. And even I mean, it's like to me, you're looking at this case in a vacuum. He had already fired multiple lawyers. Well, I mean, and there's only so much she can do. And she's got to protect the record and try to get him some representation. If she can. So that's the whole point is shadow or stand by counsel. I agree that Judge Palmeier was put in a very difficult position by Mr. Banks's actions. But the court still has to ensure the integrity of the process. And part of that requires the court to recognize in this case that it had the authority to say, no, Mr. Banks, you're not going to represent yourself. And there are a variety of reasons why the court should have done that. Do you have any cases where judges have actually done that over the, when you have this kind of history, just forced a lawyer on? I mean, the more typical situation is to do exactly what she did, provide shadow counsel. Right. The court has dealt with scenarios where defendants, the court has forced counsel upon a defendant. And of course, it's resulted in a conviction and the defendant ends up here saying that the court shouldn't have done that. The court should have let me go by myself. And the Berry case dealt with that. And Judge Evans opened as he eloquently would do. And by saying that, you know, judges are sometimes put between a rock and a hard place. And that was the case here, to be sure. What is your position leave of Feretta? Well, as I said, I think the defendant has to unequivocally express a desire to represent himself for Feretta to kick it. But if the court wants to operate under the idea that the Feretta waiver gets us past the original. What if he just says, I don't want a lawyer? I don't think the record supports that. I don't think Feretta allows a judge to force a lawyer on a criminal defendant unless, you know, there's a serious sanity problem. Well, and that's one of the scenarios, of course, where the court can impose a lawyer. Right, but here there was no, there wasn't a finding of mental incompetence. Correct. So that's when I was asking you about cases, cases that are like this kind of case where, you know, the judge forced the defendant to have a lawyer. I believe it's the Brock case where the defendant engaged in similar type of conduct and, but made the request to proceed pro se months before the trial. And the court held the Feretta hearings and allowed him to represent himself. Later, weeks before the trial, imposed counsel on Mr. Brock because of his, what the court anticipated would be a very difficult trial. The judge in this case said that, and this is on page 375 of the transcript. Difficult trial with a pro se defendant. The Berry case is a pretty good example of a case where a pro se defendant represented, at least made some effort to represent himself. It's difficult to call what happened in Mr. Banks's case a trial. And I know, you know, he made his bed and I can understand the court's argument that he needs to lay in it. But as a matter of constitutional principles, I don't think that's a very strong basis to uphold here. But now, if the judge had appointed a lawyer and said, this is your lawyer, how would he have reacted? I think that's a what if that the court never had an opportunity. I don't think he would have attended the trial. I think he said, leave me in my cell. Illinois v. Allen allows them to do that. Mr. Banks repeatedly asked during the trial to be removed from the courtroom and to not have to participate. Well, he could have said, I don't want to participate in this. So go ahead, appoint a lawyer and let the lawyer do what he can. I'm not going to have anything to do with it. He didn't do that. Because there are circumstances. Defendants can forfeit. They can waive the right to counsel, but they can also forfeit the right to self-representation by their conduct. And the court said it in Keene v. Peters. Pardon me? He didn't want to have a lawyer. But he forfeited his right to represent himself. Where does that leave him? I don't understand. Well, it leaves the court, again, in a difficult position. But the court has to take all these factors. And, you know, I know Your Honor was addressing what abuse of discretion means in the previous argument. And at a minimum requires the exercise of discretion. And the exercise of discretion requires the court to evaluate all its options. And the record in this case is clear that Judge Pallmeyer didn't recognize she had the authority to reject his waiver. She said, as long as your decision is knowing and voluntary, I have to allow you to proceed on your own. And that's not accurate. She also said, obviously, on page 280 of the transcript, he's not letting us unleash Mr. Jones and Mr. Brindley, the lawyers. Those comments reflect the court's belief that it had to let him represent himself. And it's our position that that's not the law. The court had every reason to reject Mr. Banks's waiver in this case, but believed that it had to accept it. So when we're looking at this thing for abuse of discretion, our position here is that, despite the difficult position the district court was in, the court didn't exercise its discretion. I see I'm out of my time or close to it, so I'll reserve any remaining time. Thank you, Your Honor. Thank you very much. Mr. Allitt and Ms. Hewler. Ms. Kastanek? Good morning, Your Honors. May it please the court, my name is Andrea Kastanek, and I represent the United States. There is a constitutional right to have an attorney. There also is a constitutional right recognized in FERRETA to represent oneself. And it appears that the defendant's argument is based on a legal fallacy that there was some discretion on the part of the district court to reject a validly invoked, unequivocal, voluntary waiver made by the defendant to represent himself. There is no such discretion absent the extraordinary circumstances that were discussed and recognized by this court in Brock and Berry and Brown and the other cases that have been discussed by the defendant. I want to correct the claim that his waiver was somehow not unequivocal and was specific to Mr. Brinley. It was not. There are no less than seven occasions during a very short trial in which the defendant indicated that he definitively did not want counsel. So at the very beginning of the trial, the court asked him, you are certainly, after a discussion about him wanting to proceed sui juris, which is Latin for on my own or by my own right, and in propria persona, which is Latin for on one's own behalf, the court advised him, you are certainly free under the Constitution to proceed on my own. And the defendant responded, exactly. That is what I so choose, Your Honor. The discussion continued after a colloquy into the voluntariness and intelligent waiver that he was providing. And the court said, is your decision to proceed here entirely without a lawyer, entirely voluntary? That is your decision, correct? The defendant said, yes, it is. That's on page 14 of the transcript. A few moments later, when he was asked if he adopted the motions that had been filed by his previous attorney, the defendant stated, I have objected to having an attorney on this case. It continued throughout the trial. So the next day or after jury selection, the court again impressed upon the defendant that he had a right to an attorney, that there were attorneys ready to represent him. And he said, I understand the benefits of having an attorney. That's all fine and dandy, but I prefer to go as I'm going in the direction that I'm going. That's page 153 of the transcript. And then the only situations where judges then trump what a defendant says in terms of wanting to go pro se is when there is absolutely, they can't get any control over the defendant. And the defendant is so totally disruptive that the judge has the choice of letting the defendant sit in jail for a long, long time and not even having a trial or trumping the defendant's request to go pro se in appointing someone. I think that that's correct, Your Honor. Isn't that the thrust of most of those cases? Yes, Your Honor. That in Barry and Brock and those cases, the court has recognized that sometimes with a pro se defendant, there comes a time where the trial cannot move forward if he continues to represent himself. And there's a range of possible outcomes in those cases. It could be that you remove the defendant from the courtroom. It could be that you impose counsel. And the court has a lot of discretion in considering those outcomes. But one of the implications is that you can forfeit your right to self-representation. But this idea that absent that type of forfeiture, that there's some sort of discretion on the part of the district court to reject a validly invoked waiver of counsel is not supported by this court's case law. And to return back to the discussion of whether this waiver was unequivocal, there are examples in the record where the defendant is talking specifically about Mr. Brindley. Those are in the context of him being stand-by counsel. So there's a number of different occasions on which the district court talked to the defendant about the legal defense that Mr. Brindley would put on for the defendant, told him that he was ready to stand up and put on that defense, and the defendant was saying, no, no, I don't want him as my attorney. But those are in addition to other examples in the record where he unequivocally says, I don't want an attorney at all. And as Judge Posner noted, he never asked for another attorney. He never made any indications at any point during the trial that he wanted someone else to represent him. So if there are no further questions from the panel, the government would ask the court to affirm the judgment and the sentence of the district court. Okay, thank you, Mr. Kastner. Mr. Arulla? Thank you, Judge. Counsel is correct. Defendants can forfeit the right to self-representation. In this case, Mr. Banks, did virtually everything courts have indicated amount to waiver or a forfeiture of the right to self-representation. The timeliness, the refusal to participate in the trial at all. Cain v. Peters is the case that holds that a defendant forfeits the right to represent himself by remaining silent at critical ventures. Mr. Banks didn't participate in this trial. He raised this issue on the day of trial after the case had been pending for four years. His mental health was- Well, his position seems to have been that he didn't recognize the jurisdiction of the court. Which, of course- Well, it's a perfectly principled position, right? You just say, I don't recognize this. I don't- I submit, Your Honor, that the Moorish sovereign national defense that's been raised by pro se defendants many times over the years is a factor that, again, maybe should have put the court on notice, that the request to go on his own was more to obstruct the proceedings than to raise a legitimate legally grounded objection with the court. I see my time is up. Well, if he obstructs, he can be removed from the courtroom. It wasn't done here. The judge struggled. Throughout the transcript, there were various points in time where he asked to be removed, and the district court said, frankly, I've never had a situation where I have a pro se defendant who's also asking not to be in the courtroom. Usually, it's a difficult defendant who has counsel who doesn't want to be in the courtroom. The judge didn't really have an answer as to how to handle that. Ultimately, Mr. Banks was kept in the courtroom throughout the entirety of the trial. There were various points in time. Jury instruction conference, he refused to come out and participate in. He was, for the most part during the trial, a potted plant at the defense table without any counsel. Okay. Well, thank you very much. Thank you. I know we didn't raise any issues with the sentence today, but if the court affirms the conviction, we'd ask that the court evaluate the sentence and possibly remand those words. So you were appointed? I was, Your Honor. Okay. Well, we thank you for your time. My pleasure. Thank you. We thank Ms. Castanet as well.